HON. RICHARD S. LASNIK

1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

9

| | | |
|---|---|---|
| PUGET SOUNDKEEPER ALLIANCE, | ) | |
| Plaintiff, | ) ) ) | Case No. 13-cv-1690-RSL |
| v. | ) ) | CONSENT DECREE |
| WHITLEY EVERGREEN, INC.; WHITLEY MANUFACTURING CO., INC., | ) ) ) ) | |
| Defendants. | ) ) ) | |

10

11

12

13

14

15

16

17
WHEREAS, Plaintiff PUGET SOUNDKEEPER ALLIANCE ("Soundkeeper") filed an

18
Amended Complaint against Defendants WHITLEY EVERGREEN, INC. ("Whitley

19
Evergreen") and WHITLEY MANUFACTURING CO., INC. ("Whitley Manufacturing")

20

21
alleging violations of the Clean Water Act, 33 U.S.C. § 1251 *et seq.*, relating to discharges of

22
stormwater from Whitley Evergreen's modular construction facility located at 14219 Smokey

23
Point Boulevard in Marysville, Washington (the "Facility"), seeking declaratory and injunctive

24

25
relief, civil penalties and attorney's fees and costs;

26
WHEREAS, the Court in this matter issued a summary judgment order against Whitley

27
Evergreen, finding that Whitley Evergreen had unpermitted discharges in violation of the Clean

28
Water Act ("CWA") on 208 days between July 20, 2008 and March 25, 2014 (*see* Dkt. 87);

29

CONSENT DECREE - 1
No. 13-cv-1690-RSL

7004 001 mc04c706xw.004

1   WHEREAS, upon entry of this Consent Decree, Soundkeeper will dismiss its claims

2   against Whitley Manufacturing with prejudice, subject to the Court's retention of jurisdiction

3   under paragraph 11, below;

4
    WHEREAS, counsel and representatives for the parties to this action have engaged in
5
    discussions relating to the potential settlement of this litigation;
6

7   WHEREAS, Soundkeeper and Whitley Evergreen agree that settlement of these matters

8   is in the best interest of the parties and the public, and that entry of this Consent Decree without

9   additional litigation is the most appropriate means of resolving this action; and

10
    WHEREAS, Soundkeeper and Whitley Evergreen, by their authorized counsel and
11
12  without trial or final adjudication of the issues of fact or law with respect to Soundkeeper's

13  claims or allegations that remain undecided, consent to the entry of this Consent Decree in order

14  to avoid the risks of litigation and to resolve the controversy between them;

15
    NOW, THEREFORE, without trial of any issue of fact or law other than the Court's
16
17  order on summary judgment, and without admission by Whitley Evergreen of the unadjudicated

18  facts or violations alleged in the Amended Complaint, and upon consent of the parties, and upon

19  consideration of the mutual promises herein contained, it is hereby

20
    ORDERED, ADJUDGED AND DECREED as follows:
21
22  1.      This Court has jurisdiction over the parties and subject matter of this action.

23  2.      The undersigned representative for each party certifies that he or she is fully

24  authorized by the party or parties whom he or she represents to enter into the terms and

25  conditions of this Consent Decree and to legally bind the party or parties, their successors in

26
27  interest and assigns of the parties to it.

28  3.      This Consent Decree shall apply to, and be binding upon, the parties, and upon

29
    CONSENT DECREE - 2
    No. 13-cv-1690-RSL

    7004 001 mc04c706xw.004

the successors and assigns of the parties.

4.      This Consent Decree shall apply to Whitley Evergreen's operation and/or oversight of the Facility.

5.      This Consent Decree constitutes a full and complete settlement of the claims alleged in the Amended Complaint and all other claims, known and unknown, existing as of the date of entry of this Consent Decree, that have been threatened or could be asserted under the Clean Water Act, 33 U.S.C. §§ 1251-1387, that arise out of, or are in any way resulting from, pertaining to, relating to, or in any way connected with, either directly or indirectly, the operations of the Facility, including, but not limited to, those claims alleged in Soundkeeper's October 28, 2015 notice letters to Simon Dragan and Andrew Welborn.

6.      This Consent Decree shall not constitute evidence in any proceeding, an admission or adjudication with respect to any allegation of the Amended Complaint, any fact or conclusion of law with respect to any matter alleged in or arising out of the Amended Complaint, or the admission or evidence of any wrongdoing or misconduct on the part of Whitley Evergreen or its officers, directors, shareholders, employees, agents, successor or assigns.

7.      In full and complete satisfaction of the claims covered by the Amended Complaint and all other claims covered by this Consent Decree, as described in Paragraph 5, Whitley Evergreen agrees to abide by and be subject to the following terms and conditions:

a.      Within thirty (30) days of entry of this Consent Decree, Whitley Evergreen shall submit an application for coverage for the Facility under the Industrial Stormwater General Permit ("ISGP") to the Washington Department of Ecology ("Ecology"). Whitley Evergreen shall promptly respond to any questions or correspondence from Ecology related to Whitley Evergreen's ISGP application and fully cooperate with Ecology during the

CONSENT DECREE - 3
No. 13-cv-1690-RSL

7004 001 mc04c706xw.004

application process.  With Whitley Evergreen's ISGP application materials, Whitley Evergreen shall also notify Ecology of its intent to cancel and/or withdraw the Conditional No Exposure Exemption ("CNE") currently in place for the Facility.

   b.  Whitley Evergreen shall obtain ISGP coverage for the Facility and thereafter maintain such coverage for so long as it operates at the Facility.

   c.  Upon receipt of ISGP coverage for the Facility, Whitley Evergreen shall comply with all conditions of its permit and any successor, modified or replacement permit (the "NPDES permit").

   d.  Whitley Evergreen shall, for a period of three (3) years beginning on the date that this Consent Decree is entered by the Court, forward copies to Soundkeeper of all written or electronic communications between it and Ecology related to the NPDES permit, the Clean Water Act, and stormwater discharges from the Facility.  During this same period, Whitley Evergreen shall forward copies to Soundkeeper of all inspection reports and/or checklists of all visual monitoring conducted at the Facility pursuant to the terms and conditions of the NPDES permit.  All copies shall be forwarded electronically to Soundkeeper on a quarterly basis and not later than the forty-fifth (45th) day following the end of each calendar quarter;

   e.  Whitley Evergreen shall retain a qualified stormwater consultant to prepare its stormwater pollution prevention plan ("SWPPP") to meet the requirements of the NPDES permit and will update and modify the SWPPP document as necessary. In addition to providing all best management practices ("BMPs") required by the NPDES permit and recommended by the stormwater consultant, the SWPPP will include any additional BMPs identified in this Consent Decree. Whitley Evergreen shall prepare its SWPPP within sixty (60) days of the entry of this Consent Decree and will promptly provide a copy to Soundkeeper.

CONSENT DECREE - 4
No. 13-cv-1690-RSL

7004 001 mc04c706xw.004

Case 2:13-cv-01690-RSL   Document 92-1   Filed 04/11/16   Page 5 of 12

f.      Whitley Evergreen shall fully comply with the SWPPP, once it becomes final.

g.      In addition to implementing all BMPs identified by Whitley Evergreen's SWPPP and otherwise required by the NPDES permit, Whitley Evergreen shall also do the following:

i.      In the event Whitley Evergreen performs any touch-up painting on modular units situated outdoors at the Facility, Whitley Evergreen will limit those activities to times when it is not raining, and implement appropriate BMPs, including the use of drop clothes to capture any inadvertent spills or drips.

ii.     Whitley Evergreen will implement appropriate BMPs regarding the delivery of construction materials to the Facility.

iii.    Whitley Evergreen will install and maintain catch basin filter inserts designed to remove metals, fine sediment and oil from stormwater in all catch basins at the Facility.

iv.     In addition to the sweeping requirements set forth in the NPDES permit, Whitley Evergreen will perform daily inspection of all outdoor paved areas of the Facility and will perform sweeping as needed based on those inspections.

h.      If Whitley Evergreen fails to meet pollutant benchmarks specified in the NPDES permit after fully implementing the SWPPP, Whitley Evergreen shall implement appropriate corrective actions as required by the NPDES permit.

8.      Whitley Evergreen shall make four (4) quarterly payments of Forty Five Thousand Dollars ($45,000), for a total payment of One Hundred and Eighty Thousand Dollars ($180,000), to the Rose Foundation for Communities and the Environment – Puget Sound

CONSENT DECREE - 5
No. 13-cv-1690-RSL

7004 001 mc04c706xw.004

Case 2:13-cv-01690-RSL   Document 92-1   Filed 04/11/16   Page 6 of 12

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29

Stewardship and Mitigation Fund ("Rose Foundation"), as described in **Attachment A** to this Consent Decree. Whitley Evergreen shall make the first quarterly payment seven (7) days following entry of this Consent Decree; Whitley Evergreen shall make the second quarterly payment 90 days after the date of the first quarterly payment; Whitley Evergreen shall make the third quarterly payment 90 days after the date of the second quarterly payment; and Whitley Evergreen shall make the fourth quarterly payment 90 days after the date of the third quarterly payment. Quarterly payments shall be made to the order of and delivered to: The Rose Foundation, 1970 Broadway, Suite 600, Oakland, CA 94612. Quarterly payments will include the following reference in a cover letter or on the check: "Consent Decree, Puget Soundkeeper Alliance v. Whitley, Clean Water Act Settlement." Whitley Evergreen agrees to provide a copy of the check and cover letter, if any, to Soundkeeper.

9.      Within thirty (30) days of entry of this Consent Decree, Whitley Evergreen shall make a payment of One Hundred and Forty Two Thousand Five Hundred dollars ($142,500) and within ninety (90) days thereafter shall make an additional payment of One Hundred and Forty Two Thousand Five Hundred dollars ($142,500), for a total of Two Hundred and Eighty Five Thousand dollars ($285,000), to Soundkeeper's counsel as payment for Soundkeeper's certified litigation fees, expenses, and costs (including certified attorney and expert witness fees) incurred in this matter. These payments shall be made to the order of and delivered to: Smith & Lowney, PLLC, 2317 East John St., Seattle, WA 98112, Attn: Knoll Lowney. Whitley Evergreen's payments shall be in full and complete satisfaction of any claims Soundkeeper has or may have, either legal or equitable, and of any kind or nature whatsoever, for fees, expenses, and costs incurred in this litigation. As a condition precedent of the payments required under this

CONSENT DECREE - 6
No. 13-cv-1690-RSL

7004 001 mc04c706xw.004

paragraph, Soundkeeper's counsel shall provide to Whitley Evergreen a sworn affidavit that their contemporaneous time records of fees and costs exceed the $285,000.

10. A "force majeure" event is any event outside the reasonable control of Whitley Evergreen that causes a delay in performing tasks required by this decree that cannot be cured by due diligence. Delay in performance of a task required by this decree caused by a force majeure event is not a failure to comply with the terms of this decree, provided that Whitley Evergreen notifies Soundkeeper of the event, the steps that Whitley Evergreen will take to perform the task, the projected time that will be needed to complete the task, and the measures that have been taken or will be taken to prevent or minimize any impacts to stormwater quality resulting from delay in completing the task.

Whitley Evergreen will notify Soundkeeper of the occurrence of a force majeure event as soon as reasonably possible but, in any case, no later than fifteen (15) days after the occurrence of the event. In such event, the time for performance of the task will be extended for a reasonable period of time following the force majeure event.

By way of example and not limitation, force majeure events include:

   a) Acts of God, war, insurrection, or civil disturbance;

   b) Earthquakes, landslides, fire, floods;

   c) Actions or inactions of third parties over which Defendants have no control;

   d) Unusually adverse weather conditions;

   e) Restraint by court order or order of public authority;

   f) Strikes; and

   g) Litigation, arbitration, or mediation that causes delay.

CONSENT DECREE - 7
No. 13-cv-1690-RSL

7004 001 mc04c706xw.004

Case 2:13-cv-01690-RSL   Document 92-1   Filed 04/11/16   Page 8 of 12

11.     The Court shall retain jurisdiction over this matter and allow this case to be reopened without filing fee for the purpose of enabling the parties to apply to the Court for any further order that may be necessary to construe, carry out, enforce compliance, and/or resolve any dispute regarding the terms or conditions of this Consent Decree until termination of the Consent Decree pursuant to paragraph 13.  In the event of a dispute regarding implementation of, or compliance with, this Consent Decree, the parties shall first attempt to informally resolve the dispute through meetings between the parties by serving written notice of dispute and request for resolution to the parties and their counsel of record.  If no resolution is reached within ninety (90) days from the date that the notice of dispute is served, the parties may resolve the dispute by filing motions with the Court.

12.     The parties recognize that no consent judgment can be entered in a Clean Water Act suit in which the United States is not a party prior to forty-five (45) days following the receipt of a copy of the proposed consent judgment by the United States Attorney General and the Administrator of the United States Environmental Protection Agency pursuant to 33 U.S.C. § 1365(c)(3).  Therefore, upon the signing of this Consent Decree by the parties, Plaintiff shall serve copies of it upon the Administrator of the United States Environmental Protection Agency and the United States Attorney General.

13.     This Consent Decree shall take effect on the date it is entered by the Court.  This Consent Decree shall terminate three (3) years following entry of the Consent Decree.

14.     This Consent Decree may be modified only upon the written consent of the parties and the approval of the Court.

15.     If for any reason the Court should decline to approve this Consent Decree in the form presented, the parties agree to continue negotiations in good faith in an attempt to cure any

CONSENT DECREE - 8
No. 13-cv-1690-RSL

7004 001 mc04c706xw.004

1  objection raised by the Court to entry of this Consent Decree.

2  //

3  //

4  //

5

6      18.    Notifications or copies required by this Consent Decree to be made to Plaintiff

7  shall be delivered electronically to:

8      Puget Soundkeeper Alliance
    Attn: Katelyn Kinn
9      130 Nickerson Street, #107
10     Seattle, WA 98109
    E-mail: katelyn@pugetsoundkeeper.org

11

12     Notifications required by this Consent Decree to be made to Whitley Evergreen shall be

13 mailed to:

14     Whitley Evergreen, Inc.
    Attn: Andrew Welborn
15     14219 Smokey Point Blvd
16     Marysville, WA 98271

17     With a copy to:

18

19     Matthew Stock
    Joyce Ziker Parkinson PLLC
20     1601 Fifth Avenue, Suite 2040
    Seattle, WA 98101
21     E-mail: mstock@jzplaw.com

22

23

24     Dated and entered this 7th day of June, 2016.

25

26

27     UNITED STATES DISTRICT JUDGE

28

29

CONSENT DECREE - 9
No. 13-cv-1690-RSL

7004 001 mc04c706xw.004

Case 2:13-cv-01690-RSL   Document 92-1   Filed 04/11/16   Page 10 of 12

PUGET SOUNDKEEPER ALLIANCE

Signature: _____

Title: _Executive Director_____

Dated: _4/8/16_____

WHITLEY EVERGREEN, INC.

Signature: _____

Title: _V. P._____

Dated: _4/8/16_____

CONSENT DECREE - 10
No. 13-cv-1690-RSL

7004 001 mc04c706xw.004

*Attach A*                                                                          *An*



**ROSE FOUNDATION**
for COMMUNITIES
and the ENVIRONMENT

1970 BROADWAY, SUITE 600, OAKLAND, CA 94612-2218
ROSE@ROSEFDN.ORG

WWW.ROSEFDN.ORG

OFFICE: 510.658.0702
FAX: 510.658.0732

March 7, 2016

Thomas W. Swegle
Environment & Natural Resources Division
Law and Policy Section
P.O. Box 7415
Ben Franklin Station
Washington, D.C. 20044-7415

Re: Puget Soundkeeper Alliance v. Whitley Evergreen Inc. (Case No: 13-CV-1690-RSL)

Dear Mr. Swegle,

This letter is intended to provide assurance that I have received and reviewed the proposed Consent Decree between Puget Soundkeeper Alliance and Whitley Evergreen, Inc., and that I am authorized by my Board of Directors to make the following binding commitments on behalf of the Rose Foundation.

1) I understand that the Rose Foundation should receive funds from Whitley Evergreen, Inc. as specified in the Consent Decree.

2) The Rose Foundation shall only use these Whitley Evergreen, Inc. funds for environmentally beneficial projects designed to improve or protect Puget Sound water quality, and disperse them through the Rose Foundation's Puget Sound Stewardship & Mitigation Fund, a grantmaking fund which is wholly dedicated to supporting projects which benefit the water quality of Puget Sound. In applying the Whitely Evergreen funds, the Foundation shall focus support towards projects benefitting Quilceda Creek and the Snohomish River Estuary, and adjacent waters of Central Puget Sound.

3) After the funds have been disbursed, the Rose Foundation shall send a report to the Justice Department, the Court and the Parties describing how the funds were utilized and demonstrating conformance with the nexus of the Consent Decree.

**Rose Foundation for Communities and the Environment**

The Rose Foundation is a 501(c)(3) public charity (tax ID#94-3179772). Its mission is to support grassroots initiatives to inspire community action to protect the environment, consumers and public health. To fulfill this mission, the Rose Foundation conducts the following activities:

- Raise money to award as grants to qualified non-profit organizations conducting charitable operations. The Rose Foundation does not support lobbying activities that are prohibited by Section 501(c)(3) of the IRS Code, and no portion of the Whitley Evergreen, Inc. funds shall be used to support any political lobbying activities whatsoever.

- Work directly in schools and in the community to encourage environmental stewardship and civic participation.

- Help government efforts to control pollution and protect the environment by encouraging community engagement in local, state and federal research and policy development.

Within this broad range of activities, all of the Rose Foundation's work revolves around one or more of the following strategic themes:

- Build and maintain a bridge between the community and organized philanthropy.

- Protect the natural environment, public health, and community and consumer rights.

- Promote collaboration between labor, environmental, business, consumer and social interests.

- Cultivate a new generation of environmental stewards and social policy leaders.

- Respect the inalienable rights protected by our nation's constitution, and the essential human rights to clean air, clean water, and individual dignity and privacy.

The Rose Foundation is governed by a Board of Directors. Grant applicants are required to submit written proposals, which must include at a minimum specific information about the goals, activities and projected outcomes of the proposed project, background about the charitable applicant, budget information, and a specific funding request. The Foundation may require additional information in order to fully evaluate the application. Applications are first screened by Foundation staff. Staff then makes recommendations to the Foundation Board for action. The Foundation requires all projects to submit written reports within one year of receipt of the grant award describing work conducted under the grant, thereby providing an accountability mechanism over funds awarded. Annual audits by the certified public accounting firm Levy and Powers are posted on the Foundation's website www.rosefdn.org.

I hope this provides you with the information you require. Please do not hesitate to contact me with any questions, or for additional information at (510) 658-0702 or tlittle@rosefdn.org.

Sincerely,

Tim Little, Executive Director